IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA RICE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 117-039 |
| | * | |
| HARRY B. JAMES III, | * | |
| Individually and in his Official | * | |
| Capacity as Judge of Richmond | * | |
| County Probate Court, and | * | |
| AUGUSTA, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

This case is brought under 42 U.S.C § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII") and revolves around Plaintiff Angela Rice's dismissal from employment with the Richmond County Probate Court. Rice moves the Court for leave to amend her complaint to include allegations that she was jointly employed by Defendants Harry B. James III ("Judge James") and the City of Augusta; to explain that her 42 U.S.C. § 1981 claim will be enforced through § 1983; to distinguish her racial discrimination and retaliation claims; and to include facts that will support her § 1983 claim.[1] (Doc. 18, 1-2.) Judge James opposes this motion and claims it is futile since

---

[1] Judge James has filed a motion for a more definite statement, which is presently before the Court. (Doc. 6.)

the amended complaint would still be subject to dismissal.[2] (Doc. 20-1, 1). This Court finds that some of Rice's claims are viable and therefore leave to amend should be granted.

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which states that courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court has power to deny leave for undue delay, fairness, or futility. Chen v. Lester, 364 F. App'x 531, 538 (11th Cir. 2010). An amendment is futile when the complaint would still be subject to dismissal. Id.

First, Judge James complains that the process Rice served did not comply with Rule 4 of the Federal Rules of Civil Procedure and therefore an amended claim would still be subject to dismissal. Apparently, Rice served Judge James with the City of Augusta's summons and made the same mistake when she served the City. However, Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 900 (11th Cir. 1990). The Court has discretion to extend the deadline for service of process. Fed. R. Civ. P. 4(m). This option is even available when the plaintiff has not shown good cause for her mistake. Horenkamp

---

[2] Judge James has filed a motion to dismiss the complaint, which is presently before the Court. (Doc. 5.)

2

v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005). Relief would be appropriate, for example, when the statute of limitations would prevent the plaintiff from refiling her claim. Id. More than 180 days have passed since Rice received her right-to-sue letter and therefore her refiled Title VII claim would be time-barred. See 42 U.S.C. 2000e-5(e). Accordingly, Rice is directed to amend the summons in this case and serve them upon the appropriate defendant with the amended complaint. See Fed. R. Civ. P. 4(a)(2).

Second, Judge James asserts that Rice's complaint is untimely because it was not filed within ninety days of receiving her right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f). Green v. Union Foundry Co., 281 F.3d 1229, 1233-34 (11th Cir. 2002). If the date of receipt is in question, the Eleventh Circuit presumes that a right-to-sue letter is received within three days after it is mailed. Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1342 (11th Cir. 1999). In Rice's opposition to Judge James's motion to dismiss, she attaches the envelope of her right-to-sue letter, which she claims is postmarked January 4, 2017.[3] (Doc. 9, Exhibit 2). If

---

[3] The Court may look beyond the face of the complaint without converting a motion to dismiss into a motion for summary judgment if the fact is central to the plaintiff's claim and is undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Courts routinely do this with EEOC documents. See Rogers v. Shinseki, No. 112-CV-194, 2014 WL 1093147, at *4, n.9 (S.D. Ga. 2014); Perrymond v. Lockheed Martin Corp., No. 1:09-CV-1936-TWT-AJB, 2010 WL 987218, at *6 (N.D. Ga. 2010), adopted in relevant part by 2010 WL 925178.

3

this is true, the presumed date of delivery would be January 7, 2017, and Rice's complaint would be timely.

Third, Rice proposes to amend her complaint to show Judge James's office is covered by Title VII. To be subject to Title VII, an entity must employ at least fifteen people. 42 U.S.C. § 2000e(b). To meet this requirement, Rice argues that the City of Augusta and Judge James should be considered joint employers. To determine if two state or local entities should be treated as a single employer, the Court starts with the presumption that entities classified as separate under state law should not be aggregated. Lyles v. City of Riviera Beach, Fla., 166 F.3d 1332, 1344 (11th Cir. 1999). However, there are two ways to overcome this presumption. First, the plaintiff proves that the purpose in maintaining separate entities is to elude Title VII. Second, the presumption of separateness is clearly outweighed by factors indicating the two entities are so closely related that they should be counted together. Id. at 1345. Under the second method, the court considers factors such as the ability to hire, transfer, discipline, or discharge; create work schedules or direct work assignments; and the obligation to pay or duty to train. Id. Whether either of these standards has been met is a factual question and may not be resolved through a motion to dismiss. Id. Thus, the Court will allow Rice's proposed

4

amendments to her Title VII complaints against Judge James in his official capacity and against the City of Augusta.

Fourth, Rice proposes to add a § 1983 claim against Judge James in his individual capacity for unlawful discrimination. Judge James believes this claim is barred by qualified immunity, and therefore the amendment is futile. When a plaintiff brings a complaint against a local government officer in his individual capacity, the officer may raise a defense based on qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982). However, if the constitutional right violated was clearly established, qualified immunity does not apply. Id. Clearly established laws are those set by precedent of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court. Snider v. Jefferson State Cmty. Coll., 344 F.3d 1325, 1328 (11th Cir. 2003). The case does not need to be directly on point and only needs to give the defendant fair notice. Mitello v. Sherriff of the Broward Sheriff's Office, 684 F. App'x 809, 813 (11th Cir. 2017).

Judge James contends that Rice has not alleged a violation of a clearly established right. However, Rice claims she was the victim of intentional racial discrimination. The Eleventh Circuit has repeatedly held that the right to be free from race discrimination in public employment is clearly established.

Boggle v. McClure, 332 F.3d 1347, 1355 (11th Cir. 2003); Alexander v. Fulton County, Ga., 207 F.3d 1303, 1321 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). Since the Court cannot conclude at this point that Judge James is protected by qualified immunity, Rice's claim may be amended.[4]

Rice also wishes to allege a § 1983 claim of unlawful retaliation against Judge James in his individual capacity. However, unlike racial discrimination, freedom from retaliation is not a clearly established right under the Fourteenth Amendment. Jolivette v. Arrowood, 180 F. App'x 883, 887 (11th Cir. 2006). The Court therefore finds Rice cannot amend her complaint to add such a claim.

Finally, Rice wishes to add a § 1983 claim against the City of Augusta. Rice claims the City ignored its Equal Employment Opportunity (EEO) policy. Rice points to two other occasions where police officers made complaints about Judge James's discriminatory conduct and argues that the City is liable for failing to address his behavior. Under § 1983, the City might be liable for its failure to supervise if it tacitly approved the conduct or was deliberately indifferent and this led to the plaintiff's injuries. Cannon v. Taylor, 782 F.2d 947, 951 (11th

---

[4] Likewise, Rice may include her hostile work environment claim. See Bryant v. Jones, 575 F.3d 1281, 1300 (11th Cir. 2009).

Cir. 1986). If Rice proves the City knew about the two previous claims and those claims formed a flagrant, persistent pattern of violations, it might be liable. Goodman v. Kimbrough, 718 F.3d 1325, 1335 (11th Cir. 2013). Therefore, Rice may include her proposed § 1983 claim against the City of Augusta.

Therefore, upon consideration, Rice's Motion for Leave to File an Amended Complaint (doc. 18-1) is hereby **GRANTED**. Rice shall file an amended complaint within fourteen (14) days hereof in conformity with this order. The amended complaint will supersede the original complaint in its entirety. Accordingly, Defendant's motion to dismiss the original complaint (doc. 5) and motion for a more definite statement (doc. 5) are **DENIED AS MOOT**. This does not prejudice Defendant's ability to file a motion to dismiss the amended complaint if appropriate.

**ORDER ENTERED** at Augusta, Georgia this 5th day of October, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA